UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| EARL ROBERT MEYER,<br><br>Plaintiff,<br><br>v.<br><br>PETER B. HEGSETH, *in his official capacity as Secretary of Defense*; and DANIEL P. DRISCOLL, *in his official capacity as Secretary of the Army*,<br><br>Defendants. | Civil No. 23-2745 (JRT/DJF)<br><br>MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES |

---

Alan M. Anderson and L. Reagan Florence, **ALAN ANDERSON LAW FIRM LLC**, 11100 Wayzata Boulevard, Suite 545, Minneapolis, MN 55305, for Plaintiff.

Andrew Tweeten, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants.

Plaintiff Earl Robert Meyer originally brought an action against the Secretary of Defense and the Secretary of the Army[1] to force reconsideration of their denial of his application for a Purple Heart Medal. He won that fight, eventually receiving the Purple Heart that he felt had been wrongfully denied him. Meyer now moves for attorney's fees. Because Meyer was the prevailing party in this litigation and the United States' position

---

[1] Pete Hegseth is now the Secretary of Defense, and Daniel Driscoll is now the Secretary of the Army. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, each is substituted as a defendant in this action.

throughout this litigation was not substantially justified, the Court will award Meyer reasonable attorney's fees and costs.

## BACKGROUND

### I. FACTS

Meyer was drafted by the United States Army to serve in the Korean War. (Compl. ¶ 15, Sept. 7, 2023, Docket No. 1.)  Meyer was wounded in action in Korea in June 1951—taking shrapnel to his left thigh. (*Id.* ¶ 22.)  However, Meyer waited until March 2020 to apply for a Purple Heart Medal, which is awarded to any member of the Armed Forces who has been wounded, was killed, or died of wounds received in action against an enemy of the United States. (*Id.* ¶¶ 45, 48.)

Because so much time had passed, Meyer struggled to provide concrete proof of his injuries; accordingly, on March 25, 2020, the Army Awards and Decorations Branch administratively denied his request for a Purple Heart Medal, citing a lack of medical documentation. (*Id.* ¶ 49.)  On November 2, 2020, Meyer appealed to the Army Board for the Correction of Military Records ("ABCMR") through the office of United States Senator Amy Klobuchar.  AR 192.[2]  Based on extensive historical and archival research, Meyer's newly retained attorney submitted additional documentation to support the pending application on May 9, 2022.  AR 18–133.  Unbeknownst to Meyer, however,

---

[2] The parties submitted the Administrative Record that was developed by the Army Department. (Admin. Record ("AR"), Dec. 29, 2023, Docket No. 16.)  Citations are to the original pagination of the Administrative Record throughout.

ABCMR had already voted to deny his application on September 13, 2021. AR 8–12. Still, ABCMR Chair Michael Meier did not affix his signature to the Board's recommendation until January 19, 2023. AR 12. ABCMR eventually informed Senator Klobuchar's office and Meyer of the denial of his application on April 10, 2023. AR 3.

## II.   PROCEDURAL HISTORY

Meyer filed a Complaint against the Secretary of Defense and the Secretary of the Army, alleging that ABCMR's decision to deny him a Purple Heart Medal was arbitrary and capricious under the Administrative Procedures Act ("APA"). (Compl. ¶¶ 59–91.) His prayer for relief specifically requested (1) a declaration that ABCMR's decision violated the APA, (2) a remand to ABCMR to correct its decision and award him a Purple Heart, and (3) attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). Defendants answered the Complaint, largely denying the APA allegations. (Answer, Nov. 13, 2023, Docket No. 8.) Meyer moved for summary judgment. (Mot. Summ. J., Dec. 14, 2023, Docket No. 13.) However, before the Court could rule on the pending motion, the parties stipulated that the Court should vacate ABCMR's denial of Meyer's application, remand the decision to ABCMR for reconsideration, and allow Meyer to submit additional evidence in support of his application directly to ABCMR for review. (Stipulation, Feb. 5, 2024, Docket No. 31.)

On remand, ABCMR reversed its prior decision and decided to award Meyer the Purple Heart Medal. (Joint Status Report, Apr. 29, 2024, Docket No. 36.) As a result, the parties stipulated to dismiss this case, but they were unable to reach an agreement as to

Meyer's right to recover attorney's fees and costs under the EAJA. (Joint Stipulation for Dismissal, July 1, 2024, Docket No. 42.) Meyer then moved for the Court to award him attorney's fees and costs, arguing he was the prevailing party in this litigation. (Mot. for Att'y Fees, Sept. 12, 2024, Docket No. 46.) Defendants continue to oppose the motion, arguing Meyer was not a prevailing party under the EAJA and that, regardless, their position throughout this litigation was substantially justified. (Resp. in Opp'n, Sept. 26, 2024, Docket No. 53.)

## DISCUSSION

### I. STANDARD OF REVIEW

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses—unless the United States' position was substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). If an award is appropriate under the EAJA, the fees awarded must be "reasonable and necessary." *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted).

The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked, and should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). A district court has substantial discretion when

determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437; *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).

## II. ANALYSIS

Defendants argue that Meyer was not the prevailing party in this litigation under the EAJA, that their position was substantially justified, and that the fees Meyer requests are unreasonable.

### A. Prevailing Party

A "prevailing party" is one who receives a judicial order granting "at least some relief on the merits of [the] claim." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). A prevailing party "must succeed on the merits." *Lackey v. Stinnie*, 145 S. Ct. 659, 668 (2025) (denying attorney's fees for success on a preliminary injunction because such relief does not involve a final adjudication on the merits). But that success need only involve a "material alteration of the legal relationship of the parties." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). A court's order enforcing a consent decree counts. *Firefighters v. Cleveland*, 478 U.S. 501, 523 (1986). As does a "stipulated remand adopted by the court." *Hassine v. Johnson*, 53 F. Supp. 3d 1297, 1301 (E.D. Cal. 2014). Ultimately, the question is simply "whether, at the end of the suit, . . . the party who has made a claim against the other[] has successfully maintained it." *Lackey*, 145 S. Ct. at 667 (citing Black's Law Dictionary 1352 (rev. 4th ed. 1968)).

Here, Meyer is a prevailing party under the EAJA. Meyer filed his Complaint to get almost exactly the same result he ultimately obtained via judicial order: vacation of ABCMR's decision and remand for reconsideration. Though the result ultimately came in the form of a stipulation, the Court's order granting such relief is the kind of "judicial *imprimatur*" a prevailing party needs to obtain attorney's fees. *Buckhannon*, 532 U.S. at 605; *see Hassine*, 53 F. Supp. 3d at 1301.

**B.     Substantially Justified Position**

Still, an award is not permissible under the EAJA if the Defendants' litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). A substantially justified position is one that "had a reasonable basis in law and fact." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citing *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988)). The Defendants must also show they acted reasonably "at both the prelitigation and litigation stages." *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985) (citation omitted). The burden is on the Defendants to show that their position was substantially justified. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

Here, the Defendants' position during and prior to litigation was not substantially justified. Meyer knew he had been eviscerated by shrapnel while serving his country in combat. He thus presented, in the first instance, any evidence of his military service that had not been destroyed by fire, a statement that he had been injured by mortar shrapnel in Korea in June 1951, hospitalization records from June 1951, medical records from June 1952 in which he complained of muscular pain in his left thigh, and more modern medical

records indicating he suffers from shrapnel injuries still today.  *See* AR 9–10.  But to ABCMR, that was not enough.  Claiming it was simply following regulatory guidance, ABCMR noted,

> the applicant must provide or have in the service records substantiating evidence to verify that he was injured, the wound was the result of hostile action, the wound must have required treatment by medical personnel and the medical treatment must have been made a matter of official record.

AR 11.  But Meyer could not produce "medical documentation indicating treatment by a medical officer for injuries incurred as a result of enemy action," so while there was "some evidence available for review indicat[ing] a possible injury," his request was denied for lack of "information regarding the circumstances in which it was received."  AR 11–12.

But ABCMR was already on notice as early as 2014 that such a position was unjustified by the law.  When ABCMR, in a very similar posture, denied a different veteran's request to award a Purple Heart Medal for lack of contemporaneous medical records, the D.C. Circuit excoriated its position:

> The Board misapprehends its powers and duties as a record correction body when it denies an application because the applicant's records are incomplete. The void in [the applicant's] medical records is the very error that he seeks to have corrected so that he can secure the Purple Heart to which he is entitled. The Board's reasoning in this case is utterly illogical, and patently unfair.

*Haselwander v. McHugh*, 774 F.3d 990, 992–93 (D.C. Cir. 2014) (citation omitted).  ABCMR repeated that mistake here.  And though ABCMR claims additional evidence later changed

its position on remand, the record says otherwise. Indeed, the Sergeant Major of the Army included a letter in Meyer's renewed application on remand opining that he recommended awarding a Purple Heart Medal "despite a lack of battlefield medical documentation." (Decl. of Andrew Tweeten, ¶ 5, Ex. 3, Sept. 26, 2024, Docket No. 54.) The evidence was not meaningfully different on remand. What is more likely is that the additional press coverage, attention from a United States Senator, and signals from this Court on how it intended to rule ultimately prompted the board to reconsider. But that does not make the original position—which cost Meyer precious time and money—substantially justified.

Because Meyer was the prevailing party, and Defendants' position was not substantially justified, the Court will award Meyer attorney's fees.

### C. Reasonableness of Attorney's Fees

When determining the appropriate amount of fees to grant, the Court should start by calculating the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Smith v. AS Am., Inc.*, 829 F.3d 616, 623 (8th Cir. 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining the reasonableness of attorney's fees, the Supreme Court has instructed courts to consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,

>reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3. After this initial determination, the Court has discretion to adjust the fees based on factors such as the results obtained in the litigation. *Id.* at 434. Defendants contest both the number of hours spent on this matter and the requested hourly rate.

### 1. Hours

Hours that are not "reasonably expended" should be excluded from the initial calculation of fee hours. *Id.* This may include hours that are "excessive, redundant, or otherwise unnecessary." *Id.*

Here, Meyer's attorneys attest that they spent a total of 218.4 hours on this matter beginning from the drafting of the complaint filed in this Court and ending with the drafting of the motion for attorney's fees. (Decl. of Alan M. Anderson ("Anderson Decl.") ¶¶ 40, 45, Ex. F, Sept. 12, 2024, Docket No. 51.) Alan Anderson, the primary attorney at the Alan Anderson Law Firm LLC, devoted 136.8 hours to this litigation, while his associate Reagan Florence spent 81.6 hours on the case. (*Id.*)

Defendants contest the level of detail in Meyer's attorneys' timesheets and the extensive time spent on the EAJA application itself. But having reviewed the line items provided by Anderson, the Court finds the number of hours worked on this litigation reasonable. *See Ricketson v. Advantage Collection Professionals, LLC*, No. 21-2541, 2022

WL 3701442, at *4 (D. Minn. Aug. 26, 2022) ("A district court 'need not, and indeed should not,' scrutinize each billing entry of an attorney who is seeking a fees award, because the 'essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.'" (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)); *Wagner v. Shinseki*, 640 F.3d 1255, 1259 (Fed. Cir. 2011) ("[A] prevailing party in a veterans case is entitled to an award of fees not only for hours devoted to the underlying merits litigation, but also for attorney time reasonably expended defending an initial EAJA application."). If anything, the timesheets submitted significantly undercount the attorneys' attention to this matter, as they do not seek compensation for the roughly 50 hours spent navigating the ABCMR application process and the 20 hours spent performing preliminary research on filing this complaint. (Anderson Decl. ¶¶ 43–44.)

### 2. Hourly Rate

Ordinarily, attorney's fees awarded under the EAJA may not exceed the rate "of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). An increase in cost of living can be determined by looking at the Bureau of Statistics Consumer Price Index (CPI). *Hickey v. Sec'y of HHS*, 923 F.2d 585, 586 (8th Cir. 1991) (stating the CPI "constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies" an increased attorney's fees award) (quoting *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990)). In this case,

the adjusted rate based on the CPI would equal $251.72 per hour.[3]  Defendants agree that the rate in this case should be adjusted for the cost of living but challenge the Meyer's request of $450.00 per hour for Anderson's work based on his experience and expertise.

An attorney's unique expertise and years of experience can justify a higher hourly rate.  *See Fukita v Gist*, No. 20-1869, 2021 WL 754149, at *2 (D. Minn. Feb. 26, 2021).  A higher rate may also be warranted if it is comparable to the rates of other attorneys in the same geographical region.  *Id.*  Meyer argues that the requested $450.00 hourly rate is reasonable because Anderson has extensive civil litigation experience and has a specific expertise in military research.  (Anderson Decl. ¶¶ 14–26, Ex. D.)  However, by Meyer's own admission, similarly situated attorneys in the area charge $350.00 per hour for similar work.  (Decl. of Brian Schenk ¶ 5, Sept. 12, 2024, Docket No. 49.)  While the Court agrees that an increase above the statutory cap is warranted in this case, it finds a more reasonable hourly rate for Anderson's work is $350.00.  As requested, the Court will use the inflation-adjusted statutory rate of $251.72 for associate Florence's work.

---

[3] The Court arrived at this figure by using the U.S. Bureau of Labor Statistics' CPI Calculator and adjusting for inflation from March 1996 (raise of EAJA cap to $125) to April 2024 (midpoint of claimed work on this matter).  *See CPI Inflation Calculator*, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm (last visited Mar. 28, 2025); *see also Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004) (surveying a wide variety of methods of calculating this adjustment and noting no clear direction from the Eighth Circuit).

Based on an hourly rate of $350.00 for Anderson's 136.8 hours and $251.72 for Florence's 81.6 hours, the Court finds the total presumptive attorney's fees award before costs to be $68,420.35.

### D. Costs

Because their reasonableness is uncontested, Meyer's related costs of $1,248.93 will also be awarded in full.

### CONCLUSION

The Court will award Meyer $68,420.35 in attorney's fees and $1,248.93 in costs because he is the prevailing party and because Defendants' position was not substantially justified both before and during litigation. The Court finds that these adjusted amounts are reasonable and justified.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees [Docket No. 46] is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff shall recover from Defendants attorney's fees in the amount of $68,420.35; and

2. Plaintiff shall recover from Defendants costs in the amount of $1,248.93.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 7, 2025
at Minneapolis, Minnesota.

                                              JOHN R. TUNHEIM
                                     United States District Judge